**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORETTA A. JOHNSON, individually; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF UNALAKLEET and GEORGE TURNER, <br><br> Defendants - Appellees. | No. 11-35054 <br><br> D.C. No. 3:10-cv-00034-RRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted June 25, 2012
Anchorage, Alaska

Before: GOODWIN, W. FLETCHER, and M. SMITH, Circuit Judges.

Dane Johnson became intoxicated and drove his four-wheeler down the

main street of the City of Unalakleet. While driving erratically and on the wrong

side of the road, he ran his four-wheeler over a ten-year-old girl. The collision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

seriously injured her and knocked her unconscious. A few minutes later, Officer Turner arrived at the scene, hand-cuffed Johnson with his hands in front, and placed him in the back of his police car without first frisking him. Over the next several minutes, Officer Turner tended to the unconscious victim, managed the crowd that had gathered, called dispatch several times to request paramedics and a state trooper, interviewed witnesses, and prevented the victim's father from retaliating against Johnson. Officer Turner also returned to the police car to tell Johnson that the victim would probably be all right. Twelve minutes after Officer Turner arrived at the scene, Johnson shot and killed himself with a handgun he had concealed on his person.

Johnson's parents and estate (the Appellants) sued Officer Turner and the City of Unalakleet (the City) under 42 U.S.C. § 1983. The Appellants argue that Officer Turner violated Johnson's due process rights by failing to protect Johnson from self-inflicted harm while Johnson was in police custody, and they argue that the City violated Johnson's due process rights by failing to properly train or supervise police officers in suicide prevention. The district court granted qualified immunity to Officer Turner and the City, and the Appellants appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To be cognizable as a violation of due process rights, a police officer's conduct must "shock the conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). In a fast-paced situation in which actual deliberation by the officer is not practical, "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Lewis*, 523 U.S. at 836.

The undisputed facts in this case show that, in the twelve minutes between Officer Turner's arrival at the scene and Johnson's suicide, actual deliberation by Officer Turner was not practical. Officer Turner was too busy tending to the medical needs of the victim, requesting resources, and managing the crowd to seriously evaluate whether Johnson was in danger of self-inflicted harm. Therefore, the *Lewis* "purpose to cause harm" standard applies.

The Appellants have not provided any evidence that Officer Turner acted with a purpose to harm Johnson. Accordingly, Officer Turner did not violate Johnson's right to due process, and qualified immunity was properly granted.

Turning to the Appellants' claim against the City, we note that "proper analysis requires us to separate two different issues when a § 1983 claim is asserted against a municipality: (1) whether plaintiff's harm was caused by a constitutional

3

violation, and (2) if so, whether the city is responsible for that violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992); *accord Connick v. Thompson*, 131 S. Ct. 1350, 1358 (2011). We have already determined that Johnson's harm was not caused by a constitutional violation. Therefore, there is no need to discuss the City's responsibility for conduct that was not a constitutional violation.

The Appellants' claim against the City relies on several tort-like theories about the reasonableness of the City's policies. The Supreme Court, however, has "rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law." *Collins*, 503 U.S. at 128.

Finally, the Appellants rely on *Conn v. City of Reno*, 591 F.3d 1081, 1103 (9th Cir. 2010), but the cited portions of that opinion were overruled by *Connick*, 131 S. Ct. 1350. *See Conn v. City of Reno*, 131 S. Ct. 1812 (2011) (vacating the judgment in light of *Connick*); *Conn*, 658 F.3d 897 (9th Cir. 2011) (reinstating only some portions of the opinion).

**AFFIRMED**.